Mr. Justice Clayton
delivered the opinion of the court.
This was an action of debt upon a bond for title, binding the obligor to make title, upon payment of the purchase-money. A demurrer was filed to the declaration. The second cause assigned is, “ that the plaintiff never demanded a deed of the defendant; — the third, that the plaintiff has not alleged that he ever prepared a deed and tendered to the defendant and demanded its execution.” The court below overruled the demurrer. In this we think there was error.
In New York, the rule is that where a party covenants to convey, he is not in default until the party who is to receive the conveyance, being entitled thereto, has demanded it, and having waited a reasonable time to have it drawn and executed, has made a second demand.” Connelly v. Pierce, 7 Wen. 130. In England the party entitled to the deed is bound to have it prepared, and presented for execution. The purchaser is to be at the expense of the conveyance. We need not now determine *218 which of these is the correct rule, since one or the other undoubtedly is. If either be adopted this declaration is bad.
After the demurrer was overruled, the defendant offered a plea of accord and satisfaction, with an affidavit of its truth, which was intended as an affidavit of merits. This plea the court upon motion rejected. In this we think also there was error. If the plea were defective in form, though we perceive no such objection, if it were.appropriate to the action and went to its substance, it was error to strike it out or reject it. Smith v. Bank of Rodney, 6 S. & M. 83.
The judgment is reversed and cause remanded.